ELIZABETH K. BROADHEAD, Appellant, *v.* ELIJAH SMITH and FRED BOOTH, Respondents.

*Chattel mortgage — general words of description of chattels, limited so as to include only those specified in the schedule attached.*

A chattel mortgage described certain property as "all machinery, tools, implements, appliances and personal property, and all other goods and chattels mentioned in the schedule hereto annexed, and now in the buildings and on the premises situated in the town of Cornwall, county and State aforesaid." The schedule, which contained a minute list of articles, stated that it was an "inventory of personal property mentioned and referred to in the annexed mortgage."

*Held*, that the general words of the mortgage were to be limited and restricted to the articles mentioned in the schedule, and that the mortgage did not cover other articles which were in the buildings and premises referred to in the mortgage.

APPEAL by the plaintiff from a judgment of the Orange County Court, rendered upon an appeal by the defendants from a judgment of ISAAC DENNISTON, a justice of the peace of the town of Cornwall, in favor of the plaintiff, for the sum of $141, which said judgment of the County Court was entered in the Orange county clerk's office on the 4th day of February, 1889, and reversed the judgment of the justice of the peace.

The action was commenced for the conversion of personal property, consisting of two pumps in a woolen factory, which were claimed by the defendants under a chattel mortgage.

*Round & Brewster*, for the appellant.

*Howard Thornton*, for the respondents.

BARNARD, P. J. :

A chattel mortgage in the body of the instrument contained this clause as describing the property mortgaged by it : "All machinery, tools, implements, appliances and personal property, and all other goods and chattels mentioned in the schedules hereto annexed, and now in the buildings and on the premises situated in the town of Cornwall, county and State aforesaid." The premises were a woolen mill and appurtenances.

There was a schedule attached to the mortgage and this contained a very minute list of articles, some known as machinery and fixtures. and others mere detached articles of personal property. The schedule stated that it is an "inventory of personal property mentioned and referred to in the annexed mortgage." The inventory or schedule is signed by the mortgagor. The mortgage and schedule must be read together. (*Edgell* v. *Hart*, 9 N. Y., 213.) The general words of the mortgage are to be limited to the articles named in the schedule. The words of the mortgage itself name these : " all the machinery, tools, implements, appliances and personal property " are as well subject to the schedule annexed as the words all other goods and chattels mentioned there. The parties so understood the mortgage, for the machinery and appliances, tools and personal articles are all particularly stated therein, preceded by a statement that it is the property referred to in the mortgage.

The mortgage did not, therefore, cover property not mentioned

in the schedule, and the judgment of the justice was right and should, therefore, be affirmed and the judgment of the County Court reversed, with costs.

DYKMAN, J., concurred.

Judgment of County Court reversed and that of justice affirmed, with costs.