(78 Misc. Rep. 366.)

J. & M. HAFFEN BREWING CO. v. COHEN, Marshal.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

CHATTEL MORTGAGES (§ 116*)—CONTRACTS—PRINTED FORMS.

Where a chattel mortgage on a printed form covered "all the bars, tables, chairs, glasses, glassware, and other goods and chattels mentioned in the schedule hereunto annexed," but the schedule did not mention glassware, such did not pass under the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 198, 199; Dec. Dig. § 116.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the J. & M. Haffen Brewing Company against Sol. Cohen, as Marshal. Judgment for plaintiff, and defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Robert Spear (Wells & Snedeker, of New York City, of counsel), for appellant.

Max Bendit, of New York City (Henry K. Davis, of New York City, of counsel), for respondent.

LEHMAN, J. The defendant, a city marshal, levied on property in the possession of certain judgment debtors. The plaintiff claims that it was entitled to this property under a chattel mortgage made to it by the judgment debtors. The chattel mortgage was on a printed form, and covered—

"all the bars, tables, chairs, glasses, glassware, and other goods and chattels mentioned in the schedule hereunto annexed, and now in the premises known as No. 688 Melrose avenue, as well as any and all other goods, chattels, and fixtures which the parties of the first part may at any time hereafter purchase or acquire or become the owner of and place in the premises aforesaid."

Annexed to the chattel mortgage is a schedule, denominated:

"Schedule of property covered by the within mortgage and referred to therein, now on the premises known as No. 688 Melrose avenue."

This schedule contains a list of bars, tables, chairs, fixtures, etc. The articles seized by the defendant consisted largely of glassware, which had been bought and was in the premises at the time the mortgage was made; but the schedule in no manner referred to this glassware. The trial justice, nevertheless, held that it was included in the chattel mortgage under the term "glassware" printed in the body of the instrument, and that the limitation of the words "mentioned in the schedule hereunto annexed" referred only to the words "goods and chattels," immediately preceding the limitation.

This interpretation of the contract does not seem reasonable. See Broadhead v. Smith, 55 Hun, 499, 8 N. Y. Supp. 760. The contract and schedules, read together, clearly show that the general printed words in the contract were intended to be limited by the description in the schedule, and the goods seized, not being described in the schedule, did not pass under the mortgage.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.